# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br>JOSE ARTURO CISNEROS-RAMIREZ,<br><br>                              Defendant. | CASE NO. 11cv452-LAB/05cr2078<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Jose Cisneros-Ramirez pleaded guilty to one count of conspiracy to distribute 50g or more of methamphetamine, and one count of laundering monetary instruments, and was sentenced to 240 months on each count, to run concurrently.

After an unsuccessful appeal to the Ninth Circuit, *see United States v. Cisneros-Ramirez*, 329 Fed.Appx. 735 (9th Cir. 2009), Cisneros-Ramirez did not file a petition for *certiorari*. The clock for § 2255's limitations period began to run when the time expired for filing a petition for *certiorari*, in this case in late October, 2009.[1]

On March 4, 2011, over a year and four months after his conviction was final, Cisneros-Ramirez filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence, which he argued violated his Fifth and Sixth Amendment rights. The motion is not

---

[1] *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that § 2255's one-year limitations period begins to run when the time for seeking *certiorari* review expires). The time for filing a petition for writ of *certiorari* expires 90 days after entry of judgment by the Ninth Circuit, which is about 69 days after the mandate issues. *See id.* at 527–32.

specific about what exactly the constitutional violations were, though it has something to do with his allegedly not having any opportunity to deny or explain facts recited in the presentence report. He also argued that the Court failed to consider his objections to the presentence report. He also objects to his sentence as unreasonable, a claim already adjudicated and rejected by the Ninth Circuit. Because the motion appeared to be time-barred under § 2255(f), the Court ordered him to show cause why it should not be summarily denied as time-barred. The order cautioned him that if he failed to show cause, his motion would be denied as time-barred.

Cisneros-Ramirez then filed a response, which is being accepted for filing by discrepancy order issued concurrently with this order. First, he argues that his sentence was tainted by a "fundamental defect" which will go uncorrected if his motion is time-barred. In essence, his argument is that because his claim is meritorious, it should be adjudicated on the merits. This is a frivolous argument, however. A time-barred motion is barred without regard to the merits of the claims. If only unmeritorious claims were time-barred, AEDPA's one-year limitations period would be toothless.

Cisneros-Ramirez next raises (for the first time) an "actual innocence" claim as a means of circumventing the time bar. His § 2255 motion did not, however, raise this issue nor has he ever argued his guilty plea was anything but knowing and voluntary.

Finally, he argues for equitable tolling because, he claims, his counsel failed to file a § 2255 motion or advise him to file such a motion. He does not, however, explain why his counsel should have either filed the motion or advised him to do so.[2] And even assuming, *arguendo*, that such a motion should have been filed, his counsel's failure to either file it or advise him to file it does not constitute the kind of extraordinary circumstances beyond Cisneros-Ramirez's control, which would be required for equitable tolling. *See United States v. Park*, 2009 WL 3806247, slip op. at *4–*5 (E.D.Cal., Nov. 12, 2009) (citing, *inter alia*,

---

[2] One obvious reason why his attorney would not have filed a § 2255 motion or told him to do so is that the Ninth Circuit on appeal ruled that his sentence was not unreasonable, and that this Court did not procedurally err. *Cisneros-Ramirez*, 329 Fed. Appx. 735. Asking this Court to reverse the Ninth Circuit's affirmance would have been futile.

1 *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002)) (discussing authority for the principle that
2 attorney error in failing to advise a defendant to file a § 2255 motion does not warrant
3 equitable tolling). Cisneros-Ramirez makes a general reference to "securing his transcripts
4 and trial documents to file his section 2255 motion," but this does not show he was diligent
5 or explain why he could not have filed his motion earlier. The only transcript request he
6 made was on October 1, 2008 and the transcripts he requested were filed November 13,
7 2008. *See Allen v.Lewis*, 2255 F.3d 798, 800 (9th Cir. 2001 (per curiam) (holding that, to
8 qualify for equitable tolling, a petitioner must show that "extraordinary circumstances" caused
9 petition to be untimely).

10 Because it is time-barred under AEDPA, Cisneros-Ramirez's § 2255 motion is
11 **DENIED**.

13 **IT IS SO ORDERED**.
14 DATED: December 16, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge